**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 22, 2012

No. 12-60202
Summary Calendar

Lyle W. Cayce
Clerk

RALPH PAUL WEAVER, JR., doing business as Guns & Ammo,

Plaintiff-Appellant

v.

JILLAIR HARRIS, Director of Industry Operations, Bureau of Alcohol,
Tobacco, Firearms and Explosives,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi
(1:10-CV-574)

Before KING, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ralph Paul Weaver, Jr. sought judicial review of a determination by the
Bureau of Alcohol, Tobacco, Firearms and Explosives revoking his federal
firearms license. After both parties filed motions for summary judgment, the
district court granted the ATF Director of Industry Operations's motion for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 12-60202

summary judgment, and denied Weaver's motion. Presently before the court is Weaver's appeal of the district court's judgment. We affirm.

The Attorney General may, after notice and opportunity for hearing, revoke a firearms dealer's license if the licensee willfully violates a rule or regulation applicable to firearms dealers. 18 U.S.C. § 923(e). In 2009, Weaver was found to have violated the applicable regulations by failing to record the disposition of 213 firearms in his Acquisitions and Dispositions book. These violations provided a basis for the revocation of his federal firearms license.

Weaver does not challenge these violations, but rather argues that the revocation of his license was not warranted because his violations of federal recording requirements were not willful. Rejecting the willfulness label, Weaver specifically maintains that these violations were the product of deficient internal controls that had not evolved in step with his business, which grew from 1998 to 2009.

"Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.'" *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Our review, like that of the district court, is limited to the specific question of whether the Director's decision was authorized by law. *See Stein's, Inc. v. Blumenthal*, 649 F.2d 463, 464 n.2 (7th Cir. 1980) (citing 18 U.S.C. § 923(f)(3)). In considering this specific question, federal courts review the Director's factual and legal determinations de novo. *See* 18 U.S.C. § 923(f)(3) (noting that judicial review of the denial or revocation of a license is conducted de novo).

"To prove that a firearms dealer 'willfully' violated the law, [the Director] must show that the dealer either intentionally and knowingly violated its

obligations or was recklessly or plainly indifferent despite the dealer's awareness of the law's requirements." *Athens Pawn Shop Inc. v. Bennett*, 364 F. App'x 58, 59 (5th Cir. 2010) (citations omitted). Here, Weaver's 2009 violations, which stemmed from his failure to record the disposition of 213 firearms in his Acquisitions and Dispositions book, were not the first time he was cited for the same recording violation. In 1998, Weaver was cited for failing to account for seven firearms in his Acquisitions and Dispositions book. Yet despite this previous violation and his knowledge of federal firearm recording requirements, Weaver violated those same requirements in 2009. And not only did he violate the same requirements, the number of violations increased dramatically. Moreover, even after he was informed of the 2009 violations, Weaver failed to take immediate action to rectify the recording deficiencies. Because the "[r]epeated violation of known legal requirements is sufficient to establish willfulness," *Athens Pawn Shop*, 364 F. App'x at 60, we conclude that the district court properly granted summary judgment in favor of the Director.

Two other issues warrant brief mention. First, Weaver challenges the district court's refusal to grant a motion he filed under Federal Rule of Civil Procedure 56(d). Under Rule 56(d), if "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). To justify a continuance, the Rule 56(d) motion must demonstrate (1) why the movant needs additional discovery; and (2) how the additional discovery will likely create a genuine issue of material fact. *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 534-35 (5th Cir. 1999) (citation omitted). We review the denial of a Rule 56(d) motion for abuse of discretion. *See id.* at 534.

No. 12-60202

In this case, the district court did not abuse its discretion. Weaver asked the district court to defer its consideration of the Director's motion for summary judgment, and requested additional discovery to respond to the Director's motion. Specifically, Weaver requested discovery of internal ATF materials to show that his revocation was "highly irregular, procedurally inexplicable, and statutorily improper." The district court rejected Weaver's request on the grounds that Weaver's proposed inquiry was "completely unrelated to the issue of Weaver's willfulness," and thus would not be "reasonably calculated to lead to the discovery of admissible evidence." Given the scope of its review, the district court did not abuse its discretion in denying Weaver's Rule 56(d) motion.

Second, Weaver asserts that his license was taken from him without due process. While he provides various generalized examples of additional procedures he wishes were in place during his revocation proceedings, he fails to provide any persuasive reason as to why those procedures are mandated by the Due Process Clause. AFFIRMED.